**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 08-22320-CIV-COOKE/BANDSTRA

BOARD OF TRUSTEES OF THE
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, *et al.*,

        *Plaintiffs*,

v.

ELLER MARITIME SERVICES, LLC
and ELLER & COMPANY, INC.

        *Defendants*.

_____ /

**ORDER DENYING DEFENDANT'S MOTION FOR REHEARING**

THIS MATTER is before me on Defendant Eller & Company, Inc.'s ("Eller & Co.")

Motion for Rehearing on Plaintiffs' motion for partial summary judgment [D.E. 102].[1]  The

matter is fully briefed and I have reviewed the parties' arguments, the record, and the relevant

legal authorities.  For the following reasons, Defendant's Motion for Reconsideration is denied;

the order granting Plaintiffs' partial summary judgment [D.E. 101] is reaffirmed.

**I. BACKGROUND**

This case involves a dispute over the payment of contributions to Plaintiffs for pension,

health, welfare, vacation, and holiday benefits in accordance with the Employee Retirement

---

[1] Eller & Co. does not cite to which federal rule (or other legal authority) upon which its motion is predicated.  Based on the arguments made by Eller & Co., I have construed the motion for rehearing to be a motion for relief from judgment, also referred to as a motion for reconsideration, under Federal Rule of Civil Procedure 60(b)(2).

Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Am. Compl. ¶ 1

[D.E. 6].)  Eller & Co. agreed to make contributions to Plaintiffs' fund for benefits and to pay

union dues for various employees of Eller & Co. who were also Plaintiffs' union members,

pursuant to a collective bargaining agreement with Plaintiffs. (Def.'s Resp. to Pls.' Mot. for

Partial Summ. J. ¶ 2 [D.E. 82].)  Sometime in 2006, Eller & Co. assigned its business, including

its obligations to Plaintiffs' under the collective bargaining agreement, to Eller Maritime

Services, LLC ("Maritime Services"). (*Id.* ¶¶ 3-4.)  Although Plaintiffs were informed of this

assignment, Plaintiffs maintain that they did not agree to relieve Eller & Co. of its obligations

under the collective bargaining agreement. (Edwin Stewart Aff. ¶ 7 [D.E. 61].)

On September 11, 2009, I granted Plaintiff's motion for partial summary judgment.

(Order granting Pls.' Mot. for Partial Summ. J. [D.E. 101].)  Based on the record evidence, I

ruled that there was nothing to indicate that the assignment by Eller & Co. to Maritime Services

was a novation or a substitute contract.  Accordingly, Eller & Co. was liable for the outstanding

contributions in the sum of $274,836.94, pursuant to governing case law.  Eller & Co. now seeks

reconsideration of my Order, on the basis of what it argues is newly discovered evidence.

Notably, this matter is now set as a non-jury trial.[2] (Order granting Mot. to strike jury trial [D.E

114].)

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party . . . from a final judgment, order,

---

[2] In a case set for a non-jury trial, where the judge is to serve as trier of fact, a court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though its decision may depend upon inferences to be drawn from the facts presented. *Coats & Clark, Inc. v. Gay*, 755 F.2d 1506, 1509 (11th Cir. 1985) (citation omitted).

or proceeding" based on "newly discovered evidence that, **with reasonable diligence**, could not

have been discovered [within ten days after the entry of judgment]."  Fed. R. Civ. P. 60(b)(2)

(emphasis added).  "[R]econsideration of a previous order 'is an extraordinary remedy to be

employed sparingly.'" *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987,

992 (S.D. Fla. 2004) (citation omitted).  Evidence that was previously available, but which a

party failed to present to the court, is not considered "newly discovered evidence" for purposes of

motion for reconsideration.  *See Mercer v. N. Broward Hosp. Dist.*, 270 F. App'x 789, 792 (11th

Cir. 2008).  The rationale for this requirement is to prevent a party from profiting from its own

inadvertence at the expense of judicial economy and equity.  The rule also promotes the

important interest in preserving the finality of judgments.  *See Seven Elves, Inc. v. Eskenazi*, 635

F.2d 396, 401 (5th Cir. Jan. 26, 1981).[3]

### III. ANALYSIS

**A.      Eller & Co. Failed To Comply With the Local Rules**

Eller & Co. did not submit an accompanying "memorandum of law citing supporting

authorities," with its motion, as is required under Local Rule 7.1(A)(1).  Eller & Co. did not cite

to a single case, or refer to any legal authority in its Motion for Reconsideration.  Additionally,

Eller & Co. failed to include a statement that "counsel for the movant has conferred with

[Plaintiffs] in a good faith effort to resolve the issues raised in the motion and has been unable to

do so," as is required by Local Rule 7.1(A)(3).  These omissions, standing alone, supply adequate

grounds to deny the motion.  *See* S.D. Fla. L.R. 7.1(A)(3).

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth
Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of
Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**B.**     **Eller & Co. Failed To Exercise Due Diligence In Obtaining The Alleged Newly**
            **Discovered Evidence**

Eller & Co. argues that the deposition of Edwin Stewart, which was taken on September

10, 2009, constitutes newly discovered evidence since Stewart's deposition occurred the day

before I ruled on Plaintiffs' Motion for partial summary judgment.  Eller & Co asserts, it had no

way of knowing that on the following day I was going to rule on Plaintiffs' motion, and therefore

it had no cause to place Stewart's deposition before the Court for consideration.

Plaintiffs' motion for partial summary judgment was fully briefed as of April 29, 2009.

Eller & Co. had no reason not to expect a ruling on the motion at anytime after that date, and

certainly should have anticipated a ruling four months after the matter was ripe, and as the case

neared the trial period.  Moreover, it is difficult to comprehend how evidence that Eller & Co.

had before the motion was ruled on can be construed as newly discovered.  It is past discovered

evidence which Eller & Co. failed to present until after I ruled in Plaintiffs favor.  If Eller & Co.

believed that this evidence was pivotal to its case it should have brought it to the Court's

attention immediately.

This matter has been pending since August 2008.  The parties have been engaged in

discovery for over a year.  Plaintiffs' motion for partial summary judgment was filed on

December 30, 2008.  The fact that Eller & Co. waited over eight months to take this deposition

suggests that Eller & Co. failed to exercise due diligence in obtaining the discovery.  That Eller

& Co.'s motion includes no explanation for the delay confirms this conclusion.  Accordingly, the

Stewart deposition does not constitute "newly discovered evidence," for purposes of a Rule 60

analysis, because Eller & Co. failed to exercise due diligence to timely obtain the evidence, and

more to the point, it is not newly discovered, but was known to Eller & Co. before my ruling on the summary judgment motion.

**C.**     **Eller & Co. Failed To Demonstrate Release Or Novation**

Under Florida law, four elements are necessary to demonstrate a novation: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligation; and (4) the validity of the new contract. *Sink v. Abitibi-Price Sales Corp.*, 602 So. 2d 1313 (Fla. Dist. Ct. App. 1992).  The party asserting novation carries the burden of proving the parties' intent to engage in the original transaction and to release the original contractual obligation in exchange for a contract.  *Estate of Johnson v. TPE Hotels, Inc.,* 719 So. 2d 22, 25 (Fla. Dist. Ct. App. 1998).  Under Florida law, "a clear agreement or manifestation of intention of both parties to that effect is essential." *United States v. Nill*, 519 F.2d 793 (5th Cir. 1975).  "[I]n the absence of a clear agreement . . . there must be a clear manifestation of an intention that such was the agreement." *Id.*   Novation cannot be presumed; it must be shown to have been intended by a clear preponderance of the evidence. *Travis v. Cent. Sur. & Ins. Corp.*, 117 F.2d 595, 596 (5th Cir. 1941).  Whether the parties intended to create a novation is ordinarily a question of fact. *Young v. Morris Realty Co.*, 569 So. 2d 813, 814 (Fla. Dist. Ct. App. 1990).

Eller & Co. first argues, Mr. Stewart's deposition shows that ILA Fund agreed to release Eller & Co. from its obligations under the collective bargaining agreement.  For this proposition, Eller & Co. relies on one part of Mr. Stewart's deposition where he indicates that, upon being shown the May 19, 2006 letter (indicating that Eller & Co. transferred all of its assets and liabilities to Maritime Services), ILA Fund had no "objection to it."  (Stewart Dep. 13:21, Sept.

-5-

10, 2009 [D.E. 103-1]).  Eller & Co. next argues, it was the error, omission, or negligence of ILA

Fund in failing to obtain the proper documentation of the assignment which led to Eller & Co.

remaining liable for the obligations that Maritime Services incurred.  To demonstrate this, Eller

& Co. relies on Mr. Stewart's acceptance of ILC Fund's counsel's theoretical statement that "If it

was a new company as opposed to just a name change then the fund made a mistake by not

getting the new documents signed . . . . " (Stewart Dep. 17:20-24.)

Having reviewed Mr. Stewart's deposition I disagree with Eller & Co.'s argument.  At all

times in his deposition Mr. Stewart maintained that the letter only amounted to a name change

from Eller & Co. to Maritime Services.  (*See, e.g.,* Stewart Dep. 11:07-09, 11:14-25, 13:02,

17:04-06.)  When asked what he meant by the statement that ILA Fund "did not object" he

explained, "[ILA Fund] allowed the same people to keep doing business." (Stewart Dep. 14:08-

13.)  As to Eller & Co.'s second point, I find that inaction by Plaintiffs' in having Maritime

Services execute any documents is merely consistent with Plaintiffs' position that Eller & Co.

remained liable on its contract with Plaintiffs.

Mr. Stewart's testimony does not change the outcome of the analysis.  While ILA Fund

may have had no objection to the assignment from Eller & Co. to Maritime Services there is

nothing in the deposition which suggests that there was a meeting of minds between the parties to

release Eller & Co. from future liability under the contract.  The letter communicated the transfer

of Eller & Co.'s operating personnel, assets, and liabilities to Maritime Services as an

accomplished fact, and did not seek Plaintiffs' consent to this transaction.  Mr. Stewart's

deposition contains no evidence of novation.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** that

1.  Defendant Eller & Company, Inc.'s Motion for Rehearing on Plaintiffs' Motion for Partial

    Summary Judgment [D.E. 102] is **DENIED**.

2.  Relatedly, Plaintiffs' Motion to Strike Portions of the Affidavit of Thomas E. Duggar

    [D.E. 89] is **DENIED as moot**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October 2009.


_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Hon. Ted. E. Bandstra*
*Counsel of Record*